## Filer *vs.* Peebles.

Where an account was stated by the parties, and an amount was agreed upon as due to the plaintiff within certain dates, but the defendant claimed to have something due him for labor on a prior account, *held* to be a sufficient stating of account for the amount named, subject only to a right of set-off on the part of the defendant to any prior claim not included in the account stated.

Evidence of an account stated will support a count for money had and received.

Where defendant filed a set-off against plaintiff for labor, and the plaintiff offered as evidence of payment, that other laborers were employed by him on the same work at the same time, and that these laborers were paid, *held* that such evidence had no tendency to show a payment of the defendant's labor.

Filer
*vs.*
Peebles.

ASSUMPSIT for money had and received.

In support of his action, the plaintiff offered in evidence a writing in the following terms:

" ORFORD, *March 2d*, 1830.—Then settled with B. N. Filer book accounts with Orsemus R. Filer, from March, 1826, up to this date, and find due on said settlement to said O. R. Filer the sum of $24 27 to balance the same.

" I, however, claim some amount due me as a balance of labor, &c., on account previous to March, 1826, which is not settled nor included in this settlement.

JOHN PEEBLES."

The execution of which was admitted. The defendant objected to the admission of the said writing in evidence, on the ground,

1. That it did not support the count for money had and received.

2. That it should not be received as an admission by defendant of his indebtedness to the plaintiff in the sum of $24 27, or any other sum; but the court admitted said writing in evidence, and told the jury it was sufficient evidence that the defendant owed the plaintiff said sum of $24 27, unless he could prove in evidence that he had claims to reduce the same.

The defendant then proved that he performed services for the plaintiff in 1825; and the plaintiff, to shew that defendant had been paid for the same, offered evidence tending to shew that he paid other laborers employed at the same time, in the same business with defendant, as they wanted their pay, and that they received their pay in full.

To which defendant objected; but the court admitted the same.

The jury having found a verdict for the plaintiff, the defendant moves for a new trial, for the reasons aforesaid.

*Wilcox*, for the defendant, contended,

I. That the writing offered in evidence in this case did not show an account stated, as a portion of the defendant's account was left for future adjustment. It was, therefore, no admission of an indebtedness to the amount of the sum specified, but an admission of this sum, subject to be reduced or liquidated by a counter claim of the defendant. The whole admission must be taken together ; and therefore it could not be held as an adjusted balance or account stated. The general rule as to such admissions is laid down in *Phil. Ev.* 84 ; and 3 *Stark. Ev.* 48 ; see, also, 10 *Johns.* 38, *Fenner* vs. *Lewis ;* 11 *Johns.* 161, *Hopkins* vs. *Smith ;* 15 *ditto* 229, *Smith* vs. *Jones ;* 1 *Wash.* 433, *Morris* vs. *Hunt ;* 5 *Taun.* 245, *Randle* vs. *Blackburne ;* 6 *N. H. R.* 367, *Eastman* vs. *Walker ;* 2 *Pick.* 378, *Bangs* vs. *Hall.*

II. Whether this memorandum be regarded as an account stated, or not, it is not evidence to sustain a count for money had and received. There is a special count in assumpsit for cases of this description ; and there is no reason why that form of declaration should be done away. To sustain a count for money had and received, the defendant must have actually received money, or articles expressly given and received as cash. 1 *Ch. Pl.* 305 ; 16 *East* 254, *Thurston* vs. *Mills ;* 2 *N. H. R.* 333, *Willie* vs. *Green ;* 5 *Barn. & Ald.* 228, *Wilson* vs. *Copeland ;* 4 *Barn. & Cress.* 163, *Wharton* vs. *Walker ;* 7 *Wheaton* 35 ; 8 *Taun.* 737 ; 3 *Bos. & Pul.* 559, *Whitwell* vs. *Bennett ;* 5 *Bur.* 2587, *Nightingale* vs. *Devisne.*

III. The evidence offered and admitted, that the plaintiff had paid other workmen as they wanted their pay, was wholly inadmissible to show payment to this defendant. *Phil. Ev.* 138 ; *Peak's Ca.* 94 ; 2 *Stark. Ev.* 381 ; 5 *Car. & Pay.* 501, *Thompson* vs. *Moseley ;* 6 *Car. & Pay.* 180, *Smith* vs. *Wilkins.*

*Britton*, and *Bell*, for plaintiff, cited, to sustain the declaration, 1 *D. & E.* 135, *Towers* vs. *Barrett ;* 2 *ditto* 370, *Stratton* vs. *Rastall*, and 482, *Foster* vs. *Alanson* ; 1 *Maule & Sel.* 573 ; 7 *Cowen* 39, *Miller* vs. *Watson ;* 2 *Stark. Ev.* 109 and 122 ; *Bul. N. P.* 129 ; 12 *Mod.* 537 ; 9 *Mass.* 539, *Brigham* vs. *Eveleth ;* 2 *N. H. R.* 333, *Willie* vs. *Green ;* 1 *Hen. Bl.* 288 ; 11 *Johns.* 464, *Beardsley & al.* vs. *Root ;* 3 *Mass.* 403, *Floyd & Day.*

UPHAM, J., delivered the opinion of the court.

It is important that the exception taken to the maintainance of this action, on the present declaration, should be determined, as the exception goes not only to the present verdict, but to any verdict that may hereafter be obtained in the suit.

The form of the declaration is for money had and received, and the evidence offered in support of it is an account stated betwixt the parties. It is contended that this evidence will not sustain such a declaration, for the reason that there is a form of action especially designed for cases of this description ; and also that this is an account stated within certain dates merely, but unstated and unsettled as to accounts generally betwixt the parties ; it, therefore, forms no evidence what will be the final balance of account betwixt these parties, because it is still open to the farther claim of an account unstated and uncertain.

We see no reason, however, why the account may not be considered as stated, to the extent specified in the agreement of the parties, subject merely to the set-off of the defendant for any unsettled account he may have prior to the time specified in the agreement, which set-off the defendant must sustain by the ordinary evidence. The parties must have meant thus much, or their act would have been entirely useless. In 2 *Starkie's Evidence* 123, an account is said to be sufficiently stated, although that portion of it which is due to the plaintiff only has been ascertained and stated,

without making any deduction for counter claims of the defendant. *Stuart* vs. *Rowland*, 1 *Showers* 215, is cited as the authority to this point, and we see no objection to the principle of the decision.

But if the account in this case be considered as properly stated, there is still some difficulty as to the competency of such evidence to sustain a count for money had and received.

The earlier authorities are undoubtedly against such a doctrine ; and the general rule laid down in *Chitty* is that in order to sustain such a count the defendant himself must actually have received money, and this at the time for the use of the plaintiff. 1 *Ch. Pl.* 305. And this doctrine is usually attempted to be sustained by some legal presumption.

It is said by Chief Justice Shaw, that the reason why money had and received will lie in favor of the holder of negotiable paper against the prior parties to it, is because it is presumed to be a cash transaction, and a money consideration is presumed to pass at the making of the note and at each endorsement. 11 *Pick.* 316, *Ellsworth* vs. *Brewer.*

What is termed a monied consideration in such case must include any articles given in exchange for a note, or the transfer of it by endorsement ; and it becomes a money consideration solely because the parties receive such articles, and give therefor a promise in money, making, by the agreement, one an equivalent for the other.

But where parties foot up accounts and acknowledge in writing a certain amount to be due, it is quite as easy to presume that the parties regard such articles as a monied consideration for the account stated.

Where the defendant has received the plaintiff's property, and converted it into money, the plaintiff may sue for money had and received, thereby ratifying the act of the defendant, and treating him as his agent in selling the property and receiving the money.

So when some article at the time, by express agreement of the parties, is delivered and received as so much cash,

and in lieu of money, the receiver is estopped to deny a receipt of money. 2 *N. H. R.* 333, *Willie* vs. *Green.*

On the same principle, where the parties have stated an account, and found a balance due which is payable in money, it must be considered as an express agreement that the articles constituting this balance are to be regarded by such settlement as having been received as money. The consideration of the account stated is as much a monied consideration as if a note had been given. The settlement and adjustment is as full as if made by note ; and there seems to be as much evidence that the parties designed it as an acknowledgment that the whole had been changed to a cash claim.

We think it far more conformable to the tenor and principle of modern decisions, to sustain a count for money had and received on an account stated, than to reject such evidence as inadmissible. A different conclusion would overrule in principle many analogous decisions.

But there is an additional exception in this case, which goes to the verdict as rendered, and which must be considered. On trial it appears that " the defendant, in order to sustain his off-set, proved that he performed services for the plaintiff in 1825 ; and the plaintiff, in order to show that this defendant had been paid for the same, offered evidence tending to show that he paid other laborers employed at the same time in the same business with the defendant as they wanted their pay, and that they received their pay in full."

The testimony seems to have been admitted directly against the rule that provides that neither the declarations, nor any other acts of those who are mere strangers, are admissible in evidence against any one as affording a presumption against him. 1 *Stark. Ev.* 41. Also, that facts remote from, and irrelevant to, the issue betwixt the parties, are inadmissible. 1 *Stark.* 40.

It has been holden that the time at which one tenant pays his rent is not evidence to show at what time another tenant of the same landlord pays his rent. *Peak's Ca.* 95.

But where all the manors within a particular district are held under the same tenure, and the issue is upon some incident to that tenure, the custom of one manor is evidence to prove that the same custom exists in another. 2 *Stark.* 381.

Had there been, in this case, a common contract made with this defendant and the other laborers, that they were to receive their pay at stated times, and it was proved that the other laborers received theirs, such evidence might perhaps have had some tendency to show a payment to this defendant. But here there is no common interest, or contract, or similar relative situation shown betwixt the laborers, except as laborers of the plaintiff.

It appears that the defendant had an account with the plaintiff at that time; at least, he says at the foot of his account stated, that he claims some amount due him as a balance of labor on account previous to March, 1826. There may have been many circumstances why a different rule should have been adopted with this defendant as to payment from that of the other laborers.

But however this may be, we are clear that as the facts are now set forth there is no such relative situation shown as to these parties as to raise any legal presumption that payment to one tends to show a payment to the other. The defendant must go much farther in his circumstances before it would be safe to adopt a rule of this description; and we are of opinion that the evidence offered to this point was improperly admitted.

*Verdict set aside.*